## Lerch v. Bushkill Amusement Company.

*Workmen's compensation — Private hospital—Professional services—Liability of employer—Act of June 26, 1919, P. L. 642.*

An employer is liable for the personal charge of the owner or proprietor of a private hospital, at prevailing charges, for professional services rendered in the absence of any express agreement.

Appeal from Workmen's Compensation Board. C. P. Northampton Co., Dec. T., 1923, No. 58.

*C. Brewster Rhoads* (of *Roberts & Montgomery*), for appellant.

*James W. Fox*, for claimant.

STOTZ, J.—This is an appeal from a decision of the Workmen's Compensation Board.

The claimant was injured while in the employ of the defendant, and was at once taken to the private hospital of Dr. Paul Correll, at Easton. He had a fractured leg and other severe injuries and required immediate surgical

attention. These services were properly rendered, and the claimant, because of the nature and extent of his injuries, was placed in a separate room, with a special nurse in attendance. Dr. Correll is the sole proprietor of this hospital. It is private, and receives no State or public aid in its maintenance. It is maintained by him for the care and treatment of his own patients. He in person rendered the surgical services necessary in this case, and by means of his hospital facilities, and through the nurses and other attendants in his employ, he brought the claimant back to health.

After the claimant's discharge, Dr. Correll rendered a bill to the employer for $565.25, of which sum $100 was for his own surgical and medical services, and the balance, $465.25, for hospital services and supplies. The referee ordered the compensation agreement modified by limiting the hospital charges to the first thirty days of claimant's disability, which he found to be $329.61, but he allowed the charge of $100 to stand. Upon review by the Compensation Board, this item of $100 was stricken off. There was no dispute as to the hospital bill proper. The question before us upon appeal is, therefore, whether the employer is liable for the personal charge of the owner or proprietor of a private hospital for professional services rendered, in the absence of any express agreement to that effect.

Section 306 (e) of the Workmen's Compensation Act of June 2, 1915, P. L. 736, stands amended by the Act of June 26, 1919, P. L. 642, so that the law now imposes upon the employer the duty to furnish to the employee, additional to the benefits specified in the Act of 1915, "hospital treatment, services and supplies" for the period of the first thirty days after disability begins. "The cost for such hospital treatment, service and supplies shall not in any case exceed the prevailing charge in the hospital for like services to other individuals."

The act speaks of three separate hospital benefits, viz., hospital "treatment," hospital "service" and hospital "supplies." No charge shall be made for these benefits, which necessarily means either, any or all of them, which would exceed the "prevailing charge" in that particular hospital if the patient were some individual other than a beneficiary under the Compensation Act. "Treatment" refers to and can mean only such surgical or medical aid and attention which the employee-patient may require. It is not contended in this case that the charges for either treatment, services or supplies, as specified in Dr. Correll's bill, exceed the prevailing charges to other individuals in this hospital. The contention is that Dr. Correll may make no charge for "treatment" whatever, because such treatment was given in a hospital.

This contention is based upon two cases of Yost v. Coxe Traveling Grate Co., 8 Dept. Reps. 1503 (1922), which was appealed to the Court of Common Pleas of Schuylkill County (reported in 19 Schuyl. Legal Rec. 121; 2 D. & C. 303), and O'Hare v. John Wanamaker, 8 Dept. Reps. 1849.

An examination of both cases will show that the hospitals in question were public, not private, hospitals. The physicians who there rendered bills were staff physicians, and, as pointed out in the Yost case, they gave their services for the hospital and not in their individual capacity. Furthermore, it was the rule of the hospital "not to charge ward patients for operations performed and subsequent attention given by its surgeon-in-chief." It is also pointed out that the hospital was paid its charges "for hospital *treatment*, services and supplies," and the referee says: "The services rendered by Dr. House-holder to the claimant cannot be divorced from the hospital treatment, since his own testimony was that he operated for the hospital. In other words, his service, as chief of staff, was rendered gratuitously to the hospital and also

to the patient, the claimant, and must have been so regarded by the hospital when it rendered its bill to him for treatment, services and supplies." The O'Hare case is in all essential respects similar to the Yost case, and follows it.

The case at bar is quite dissimilar to those cases in its salient facts. Dr. Correll is not a staff physician or surgeon of a public hospital. His services were not rendered to the hospital, but were individual in character. Lerch was not a mere ward patient; but even if he had been, it is not the rule of this hospital, or Dr. Correll, not to charge such patients for operations and subsequent attention. It was not regarded by the hospital, when the bill was rendered, that the hospital "treatment," as distinguished from "service" and "supplies," should be gratuitous, either to the hospital or to the patient. The bill as rendered, including the item of $100 for "treatment," does not exceed the "prevailing charge" to other individuals. The situation is fundamentally no different than it would be if Dr. Correll had taken the patient into his own private home for treatment and care.

The act does not prohibit a charge for treatment in a hospital, either public or private. It merely limits the rate of such charge. The cost, not only for service and supplies, but also for treatment, shall not exceed the prevailing charge. This provision implies that a charge may be made, and the regulation of the amount or rate is predicated upon such implication.

The first and most important requirement where a person is severely injured is surgical or medical treatment. Hospital service and supplies are incidental and secondary in importance. It would be unreasonable to suppose that the legislature intended, when this amendatory act was passed, that the employer's implied contract to pay at the prevailing rates for what was necessary to relieve and heal an injured employee should exclude the first and most essential requisite for this purpose. In the Yost and O'Hare cases the contract was with the hospital as such, an institution. There was no contract between the employer and the surgeon who made the claim. Here, the contract is between the employer and Dr. Correll. His hospital is merely a building, properly equipped, in which he operates and a means by which he brings his patients back to health. Here, the nurses whom he hires render their services, and the supplies for which he pays are furnished, for both of which he admittedly is entitled to charge the employer during the period fixed by the act. Why must he be denied payment for the most important part— his own services?

The cases above cited do not hold that the hospital, as an institution, may not make a charge for treatment. Indeed, the bill which was presented by the hospital and allowed in the Yost case included treatment. The staff surgeon's bill for services, which was disallowed, was simply an additional bill for treatment. These cases recognize that the hospital, as an institution, may make such charge. There is no Correll hospital as an institution separate from and independent of Dr. Correll himself. So far as it may be an institution, as distinguished from a building or plant, it is Dr. Correll. Here, the hospital, as a hospital, made no charge for treatment. It was Dr. Correll who made the charge. There is no duplication of charges, one by the hospital and another by the surgeon. If a public hospital may include a charge for treatment in its bill, why may not the proprietor of a private hospital do so? We cannot agree to the proposition that hospital treatment, if given in a private hospital, must be gratuitous. The act does not require it.

Now, May 19, 1924, the appeal is sustained, and the claim of Dr. Paul Correll, as fixed by the referee, is allowed.

From Henry D. Maxwell, Easton, Pa.